# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3836 | **DATE** | 11/8/2012 |
| **CASE TITLE** | Marcus Jenkins vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies defendants' motion to dismiss the first amended complaint [20].

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff has sued the Illinois Department of Corrections' medical services provider, Wexford Health Sources, Inc., and two of its employees, Dr. Ronald Schaefer and Shanal Barnett, for their alleged violations of his Eighth Amendment rights. Wexford and Schaefer[1] contend that all or part of plaintiff's first amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) because he has not exhausted administrative remedies and/or does not sufficiently allege a constitutional claim or a claim for punitive damages.

The Court disagrees. Plaintiff must exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). However, his alleged failure to do so is an affirmative defense that defendants have the burden of proving. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Because the first amended complaint does not "allege[] facts that create an ironclad defense," the existence of this affirmative defense is not a basis for dismissing the complaint. *See Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Morever, by alleging that prior to April 2011, plaintiff had been diagnosed with and was treated by defendants for asthma, in April 2011, defendants stopped giving him a maintenance inhaler to prevent asthma attacks solely to save money, and as a result, plaintiff had an acute asthma attack (1st Am. Compl. ¶¶ 3-5), he has adequately alleged both a 42 U.S.C. § 1983 Eighth Amendment claim and a claim for punitive damages. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (stating that an Eighth Amendment claim requires allegations that defendants were deliberately indifferent to plaintiff's serious medical need); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (quotations omitted); *see also Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's

**STATEMENT**

conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). Accordingly, the Court denies defendants' motion to dismiss.

1. Defendant Barnett is not named as a movant.